UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 1:18-cr-20788

v.                                                Honorable Thomas L. Ludington

ANTHONY DARNELL WILSON,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

On November 28, 2018, Defendant was indicted by a grand jury on one count of distribution of fentanyl. ECF No. 1. He pled guilty and was sentenced to 170 months incarceration. ECF No. 25. On April 26, 2021, Defendant filed a motion for compassionate release and appointment of counsel. ECF No. 27. On May 5, 2021, his motion for compassionate release was denied without prejudice for lack of evidence of exhaustion and his request for counsel was denied. ECF No. 28. Defendant is currently housed at FCI McKean.

On May 20, 2021, Defendant refiled his Motion for Compassionate Release. ECF No. 29. The Government and Defendant filed response and reply briefs. ECF Nos. 30, 31. For the following reasons, Defendant's Motion will be denied with prejudice.

**I.**

The United States is facing an unprecedented challenge with the novel coronavirus ("COVID-19") pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the

three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020).

Defendant requested compassionate release from the BOP on September 9, 2020. On September 17, 2020 his request was denied. ECF No. 29 at PageID.144. Accordingly, he has exhausted his administrative remedies.

### B.

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant brings this motion on his own behalf, § 1B1.13 is "inapplicable," and "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate

suffers from a "terminal illness" or "serious physical or medical condition." USSG § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See Jones*, 980 F.3d at 1102 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See*, *e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See Elias*, 984 F.3d at 520. Under the two-part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[1] *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on official

---

[1] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 984 F.3d at 521 n.1.

guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at 521.

Defendant appears to argue that his asthma places him at a higher risk of severe illness from COVID-19 and therefore makes him eligible for compassionate release. ECF No. 29 at PageID.141. He explains that he was previously diagnosed with COVID-19 and that while he "avoided hospitalization," the disease "did make [him] more sensitive to [his] asthma." *Id.* at PageID.143.

The Government provides that Defendant's projected release date is December 26, 2030. ECF No. 30 at PageID.151–52. It agrees that Defendant has "mild controlled asthma and [] is overweight with a BMI of 29." *Id.*

The CDC provides that individuals with moderate to severe asthma "are more likely to be hospitalized from COVID-19." *See People with Moderate to Severe Asthma*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html [https://perma.cc/8N4E-YFHB] (last visited June 29, 2021). The same is true for individuals who are overweight. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/6HW5-KXS5] (last visited July 7, 2021). However, there are only three active staff cases of COVID-19 at FCI McKean and no inmate cases. *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus [https://perma.cc/X946-FY8N] (last visited July 7, 2021). Further, 24 staff members and 628 inmates have been fully vaccinated. *Id.* Most importantly, the Government represents that Defendant is one of those inmates and that he received his second dose of the Pfizer vaccine on

March 2, 2021. ECF No. 30 at PageID.152. Defendant does not deny this fact in his reply. ECF No. 31.

Without minimizing Defendant's fears, his concern about a more severe second COVID-19 infection does not constitute an extraordinary and compelling reason for release when there are only two active cases of COVID-19 at his facility and 24 staff members and 628 inmates—including Defendant himself—are fully vaccinated. *Cf. Elias*, 984 F.3d at 520–21 (holding that district court did not abuse its discretion where it applied two-part test considering whether "defendant is at high risk of having complications from COVID-19" and whether "the prison where the defendant is held has a severe COVID-19 outbreak"). The CDC explains that the Pfizer-BioNTech vaccine was shown to be "95% effective at preventing laboratory-confirmed infection with the virus that causes COVID-19 in people who received two doses and had no evidence of being previously infected." *Pfizer-BioNTech*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html [https://perma.cc/57E9-L8NJ] (last updated July 7, 2021). The CDC also states that "[e]vidence shows mRNA COVID-19 vaccines offer similar protection in real-world conditions as they have in clinical trial settings—reducing the risk of COVID-19, including severe illness by 90% or more, among people who are fully vaccinated." *Id.* As this Court has previously held, "absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *See* ECF No. 45 in case 17-20753.

This Court would be remiss if it did not commend Defendant on his ongoing participation in the BOP's drug treatment and parenting programs. He is encouraged to continue his education and training during his time in custody.

Based on the foregoing, Defendant has not demonstrated an extraordinary and compelling reason for release. Consequently, this Court declines to consider whether the § 3553 factors would warrant a sentence reduction. *See Elias*, 984 F.3d at 519. Defendant's Motion for Compassionate Release will be denied.

## II.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 29, is **DENIED WITH PREJUDICE**.


Dated: July 15, 2021                                  s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge